OPINION
{¶ 1} On December 27, 2001, the Licking County Grand Jury indicted appellant, John Entingh, on one count of breaking and entering in violation of R.C. 2911.13. A jury trial commenced on July 26, 2002. The jury found appellant guilty as charged. By judgment entry filed July 26, 2002, the trial court sentenced appellant to eleven months in prison.
 {¶ 2} On August 9 and 23, 2002, appellant filed motions for new trial. By judgment entry filed September 10, 2002, the trial court denied said motions.
 {¶ 3} On November 25, 2002, appellant filed a notice of appeal, Case No. 2002CA00087.
 {¶ 4} On January 8 and 28, 2003, appellant filed petitions to vacate or set aside sentence. By judgment entry filed February 5, 2003, the trial court stayed the petitions pending a decision in Case No. 2002CA00087.
 {¶ 5} Appellant filed an appeal on the trial court's February 5, 2003 judgment entry, Case No. 03CA20. Thereafter, this court affirmed appellant's conviction. See, State v. John Entingh, Licking App. No. 2002CA00087, 2003-Ohio-1146.
 {¶ 6} This matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "The trial court erred, depriving defendant-appellant his right to due process of law under the fourteenth amendment of the united states constitution when it withheld evidence favorable to the defendant from the record before the reviewing court in not disclosing its findings in a non oral hearing."
 I {¶ 8} In his amended docketing statement filed April 2, 2003, appellant appealed the trial court's February 5, 2003 judgment entry. Said judgment entry states the following:
 {¶ 9} "The Defendant's Petition to Vacate or Set Aside Sentence and Motions scheduled for non-oral hearing on this 5th day of February, 2003, are taken under advisement until such time as the Court of Appeals issues a decision in Case No. 02 CA 00087."
 {¶ 10} Pursuant to R.C. 2953.21(C), a trial court is vested with the jurisdiction to consider a petition for postconviction relief during the pendency of a direct appeal. Therefore, the trial court sub judice had the right to take the matter under advisement until this court issued its opinion. Further, we find the order of stay is not a final appealable order. R.C. 2502.02(B).
 {¶ 11} The sole assignment of error is denied.
 {¶ 12} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Gwin, P.J. and Edwards, J. concur.